UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | Cause No. | 1:21-CR-44-HAB |
| | ) | | 1:23-CV-451-HAB |
| KEVIN D. RICKSY | ) | | |

**OPINION AND ORDER**

Defendant, pro se[1], seeks to vacate his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 75). Defendant claims that the statute is unconstitutional following the United States Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). Defendant's motion is now fully briefed (ECF No. 81, 82) and ripe for ruling.

I.   **Factual and Procedural Background**

In April 2021, officers stopped a vehicle in which Defendant was a passenger. Defendant was taken into custody because of an active warrant. A search of the vehicle found a stolen 9mm handgun that Defendant later admitted to possessing. Additional investigation linked Defendant with the theft of a rifle. Because Defendant had multiple prior felony convictions, he was indicted on a single count of being a felon in possession of a firearm in violation of § 922(g)(1).

Defendant quickly pleaded guilty without the benefit of a plea agreement. He was sentenced in January 2022 to a term of 120 months' imprisonment and two years' supervised release. This sentence was at the statutory maximum but far below Defendant's guideline range without applying the maximum. Defendant did not appeal the sentence or the conviction.

---

[1] Defendant moved to withdraw the appearance of his retained counsel, Roland Wilson, and proceed pro se. (ECF No. 74). That motion is GRANTED.

On June 23, 2022, the Supreme Court decided *Bruen*. *Bruen* announced a new test for analyzing the constitutionality of firearm restrictions. 597 U.S. at 19. First, courts must determine whether the "Second Amendment's plain text covers an individual's conduct." *Id*. at 22-24. If so, the Constitution presumptively protects that conduct and the burden shifts to the government to "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id*. at 17. Only then may the Court conclude that the "individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id*. (citing *Konigsberg v. State Bar of Cal*., 366 U.S. 36, 50 n.10 (1961)). *Bruen* did not explicitly invalidate, or even discuss, § 922(g)(1).

Defendant's motion to vacate his sentence, presumably filed under 28 U.S.C. § 2255, was filed on October 23, 2023. That was twenty-two months after his sentencing, and sixteen months after *Bruen* was decided.

## II.   Legal Analysis

### A.   *28 U.S.C. § 2255*

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is jurisdictional, of Constitutional magnitude, or there has been a "complete miscarriage of justice." *See Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). This statute states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255. If the court determines that any of these grounds exists, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct

the sentence as may appear appropriate." *Id*. In making that determination, the court must review the evidence and draw all reasonable inferences from it in a light most favorable to the government. *See United States v. Galati*, 230 F.3d 254, 258 (7th Cir. 2000.

B.   *Defendant's Motion is Untimely*

Section 2255 petitions are subject to various bars, including a one-year period of limitation. 28 U.S.C. § 2255(f). That period can run from one of four different starting points. *Id*. at (f)(1)-(4). Defendant cites to two:

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

*Id*. at (f)(2), (3).

Let's begin with (f)(3). Even if *Bruen* announced a new right, Defendant missed the case's one-year birthday by a full four months. Defendant recognizes this fact. Yet he asserts that the doctrine of equitable tolling saves his petition.

"[E]quitable tolling is an extraordinary remedy that is 'rarely granted.'" *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (quoting *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013)). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id*. (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Defendant focuses on the second of the requirements in his briefing. He claims that COVID-related restrictions "prevented [him] from obtaining proper postage, studying utilizing the FBOP's Law Library, obtaining material, and from sending priority legal mail out, due to not being

3

able to place the legal mail into the proper hands of authority." (ECF No. 82 at 9) (all sic). He also notes that he was in a special housing unit from April to October 2022 awaiting transfer. (*Id*. at 10). All in all, Defendant states there was "no way" for him to timely move. (*Id*.).

But even if all that is true, it says nothing about what Defendant did during that period to "diligently" pursue his rights. Although the diligence required for equitable tolling is "reasonable diligence" not "maximum feasible diligence," *Holland*, 560 U.S. at 653 (internal quotations and citation omitted), mere conclusory allegations of diligence are insufficient and reasonable effort throughout the limitations period is required. *Carpenter*, 840 F.3d at 870. Defendant doesn't even give the Court conclusory allegations. Indeed, Defendant's briefing says nothing about the efforts he made to make a timely filing. He says nothing about the year after he emerged from special housing, the steps he took to research and prepare his motion, or the lengths he went to comply with the limitations period. In short, he has failed to show reasonable diligence in pursuing his rights. Defendant hasn't given the Court enough to carry his burden on equitable tolling. *See Mayberry v. Dittman*, 904 F.3d 525, 530 (7th Cir. 2018) ("failure to show either element will disqualify [a petitioner] from eligibility for equitable tolling").

That leaves Defendant with (f)(2), for which he raises the same circumstances on which he bases his equitable tolling argument. (ECF No. 82 at 10). In principle, "lack of library access . . . can be an 'impediment' to the filing of a collateral attack." *Famous v. Fuchs*, 38 F.4th 625, 631 (7th Cir. 2022). But reliance on the statutory reset provision in (f)(2) depends on "whether the petitioner could demonstrate a need for access to the library." *Id*. And a petitioner must show that the impediment prevented the filing of the habeas motion, not simply that it made it more difficult. *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002).

4

Again, the court finds that Defendant has failed to make the required showing. First, Defendant's briefs fall short of claiming a lack of library access. Defendant claims that he was prevented from "studying utilizing the FBOP's Law Library," but that grammatically problematic clause does not clarify whether Defendant lacked all access to the law library or simply wasn't given as much as he wanted. Without a showing, or at least an allegation, that he was barred from the law library, the Court questions whether (f)(2) applies.

The Court is also not convinced that a lack of law library access would have "prevented" Defendant from timely filing his petition. Pro se habeas petitions are generally made on AO Form 243.[2] That form expressly tells petitioners, "Do not argue or cite law. Just state the specific facts that support your claim." (AO 243 (Rev. 09/17) Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody). While Defendant would have needed to be generally aware of the holding in *Bruen*, he would not need to conduct extensive research to file the motion and protect his deadline.

But the bigger issue is that Defendant doesn't say when the impediment, if there was one, was removed. Subsection (f)(2) doesn't provide an indefinite stay. Instead, it merely delays the running of the limitations period until "the impediment to making a motion created by governmental action . . . is removed." 28 U.S.C. § 2255(f)(2). Defendant does not say when he was finally given access to the law library or when the other hardships improved. Perhaps that's because the date was before October 23, 2022. Perhaps that's because his library access was never completely restricted. But in any case, it was Defendant's burden to establish his compliance with the limitations period, and he has failed.

---

[2] A copy of this form is available at: https://www.uscourts.gov/forms/civil-forms/motion-vacateset-aside-sentence-motion-under-28-usc-ss-2255.

All this leaves Defendant with a habeas petition filed too late no matter the triggering date. The Government has raised this procedural bar, leaving the Court with no choice but to dismiss the petition as untimely. That's what the Court will do.

### III.    Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Because the Court finds that no reasonable jurist could conclude that Defendant was timely, no certificate of appealability will be issued.

### IV.    Conclusion

For these reasons, Defendant's motion to proceed pro se (ECF No. 74) is GRANTED. His motion to vacate his conviction and sentence (ECF No. 75) is DENIED and no certificate of appealability will issue.

SO ORDERED on April 2, 2024.

> s/ *Holly A. Brady*
> CHIEF JUDGE HOLLY A. BRADY
> UNITED STATES DISTRICT COURT