UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:21-CR-44-HAB |
| ) | |
| KEVIN D. RICKSY ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's motion for compassionate release. (ECF No. 97). Defendant believes that non-retroactive changes to the sentencing guidelines, along with his efforts at rehabilitation, are extraordinary and compelling reasons for release. The Government has responded in opposition and Defendant has filed a belated reply. (ECF Nos. 104, 105). The motion is now fully briefed and ready for ruling.

**I.    Factual and Procedural Background**

In February 2021, Defendant was driving when his vehicle was stopped for excessive window tint. Defendant had an outstanding warrant, so he was removed from the vehicle. A subsequent search found a handgun in the passenger side door, marijuana near the front seat, and a crack pipe in Defendant's pocket.

Subsequent investigation determined that the handgun was stolen, a fact that Defendant admitted. Additional investigation showed that Defendant had used the handgun to steal an AR-15 rifle. Defendant admitting to possessing the AR-15 with a high-capacity magazine, although that firearm was never recovered.

During interviews with law enforcement, Defendant admitted to drug trafficking. He told investigators that he purchased methamphetamine, crack, and powder cocaine from an individual named "Kelvin." While the amounts were not large, Defendant admitted to paying Kelvin

$10,000.00 for drugs only two days before his arrest. Defendant also admitted to buying powder cocaine from an individual named Chris Wiggins.

In May 2021, Defendant was indicted on a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He pled guilty and a presentence investigation report was prepared.

The probation officer calculated the base offense level at 26 because the AR-15 was equipped with a high-capacity magazine. Two levels were added because the handgun was stolen, and an additional four levels were added because Defendant possessed the handgun in connection with the theft of the AR-15. Three levels were then subtracted for acceptance of responsibility, leaving a total offense level of 29.

Relevant to this motion, the probation officer calculated a criminal history score of 18, placing Defendant in criminal history category VI. This score included four points for possession of marijuana: three from a 2004 conviction for a Class C felony possession of cannabis and one from a 2016 conviction for a Class C misdemeanor possession of marijuana. Defendant also had four non-pointed convictions, and multiple convictions for dealing in cocaine. A total offense level of 29 and a criminal history category of VI gave Defendant a guideline sentencing range of 151 to 188 months' imprisonment, which was capped at the statutory maximum sentence of 120 months.

Defendant was sentenced in January 2022. He received a guideline sentence of 120 months' imprisonment and 2 years' supervised release. He has since filed an unsuccessful habeas motion, arguing that his conviction was unconstitutional under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). (*See* ECF No. 87). He now brings this motion for compassionate release.

**II.    Legal Analysis**

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

> (1) in any case --
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motion, Defendant must first show that he has satisfied the statutory exhaustion requirement. There is some confusion as to whether Defendant satisfies the requirement. Defendant has not provided his most recent request for compassionate release, and the request he did provide speaks in broad categories like "FEDERAL MARIJUANA LAWS" AND "UNITED STATES SENTENCING GUIDELINES." Defendant has, then, arguably failed to demonstrate exhaustion. But out of an abundance of caution, the Court will evaluate the motion on its merits.

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence

3

reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and its Application Notes, in line with the statutory directive in § 3582(c)(1)(A), requires a court to make several findings.

First, the court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). To this end, a court is to consider the medical condition of the defendant, his age, his family circumstances, and whether there is in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court must determine whether Defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

**A.    *Defendant Cannot Rely on Changes in the Law***

Defendant's legal argument revolves around changes to the Sentencing Guidelines since he was sentenced. He points specifically to U.S.S.G. § 1B1.13(b)(6), which allows the Court to consider changes in the law that result in "gross disparity" in sentencing, § 4A1.3, cmt. 3(A)(ii), which states that the Court "may" depart downward where a defendant receives criminal history points for personal marijuana use, and § 1B1.3(c), which addresses treatment of acquitted conduct.

As the Government capably notes, none of these changes help Defendant. He hasn't served 10 years of his sentence, a prerequisite for the application of § 1B1.13(b)(6). His criminal history score wouldn't have changed even if all his points for marijuana possession were removed. And he wasn't acquitted of any conduct—he pled guilty to the sole charge of the indictment. There is

no change in the law that helps him. Defendant does not genuinely challenge any of these conclusions.

But even if there were changes in the law that would affect how he was sentenced now, his argument is a non-starter. The relevant portion of the Guideline that allows the Court to consider changes in the law provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Subsection (b)(6) is invalid in this Circuit under *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021). *See United States v. Black*, 131 F.4th 542, 546 (7th Cir. 2025). *Black*, following the holding of *Thacker*, conclusively determined that a change in the law "cannot serve as a basis for a defendant's eligibility [for compassionate release] by itself or in combination with other factors." *Id*. at 548. Until the Supreme Court declares otherwise, Defendant's argument, and all arguments hoeing the same row, must fail in this Circuit.

**B.**    ***Defendant's Commendable Efforts at Rehabilitation are not Bases for Release***

Defendant next notes his efforts at rehabilitation. The Court concedes that Defendant appears to have made real steps toward bettering himself. He spends nearly six pages detailing the classes he has taken while incarcerated. These classes will serve Defendant well upon release, and his is congratulated by the Court for his efforts.

But even after the amendments to the Guidelines, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13(d). Consistent with the

Guidelines, the Court rejects Defendant's argument that his rehabilitation is an extraordinary or compelling reason for release.

### C. *Defendant's Grounds, Considered Together, are not Extraordinary or Compelling*

As discussed above, none of Defendant's circumstances are extraordinary or compelling on their own. The Court has considered the reasons together and finds them no more worthy of compassionate release. *United States v. Newton*, 996 F.3d 485, 489 (7th Cir. 2021) (finding that proposed extraordinary and compelling reasons must be considered cumulatively). Unlike comorbidities, Defendant's proposed reasons do not interact in a synergistic fashion where the whole is greater than the sum of its parts. Instead, the reasons are separate, with none particularly close to meeting the statutory requirements. The Court finds no extraordinary or compelling circumstances supporting release so Defendant's motion must be denied.[1]

### III. Conclusion

For these reasons, Defendant's motion for compassionate release (ECF No. 97) is DENIED.

SO ORDERED on June 5, 2025.

                                                                                               s/ *Holly A. Brady*
                                                                                               CHIEF JUDGE HOLLY A. BRADY
                                                                                               UNITED STATES DISTRICT COURT

---

[1] Finding no extraordinary or compelling reasons for release, the Court need not consider the § 3553(a) factors. *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021).